**Miguel Ramon VENTURA–CUTEREZ; Luis Antonio Ventura–Cuterez, Petitioners,**

v.

**Loretta LYNCH, U.S. Attorney General, Respondent.**

No. 14–60931
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 18, 2015.

Miguel Ramon Ventura–Cuterez, Houston, TX, pro se.

Luis Antonio Ventura–Cuterez, Houston, TX, pro se.

Leslie M. McKay, Esq., Assistant Director, Sara Bayram, Tangerlia Cox, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM: *

Miguel Ramon Ventura–Cuterez and Luis Antonio Ventura–Cuterez, natives and citizens of Guatemala, petition for review of the order of the Board of Immigration Appeals (BIA) denying their motion to reconsider the BIA's dismissal of their appeal from the immigration judge's order that they be removed to their native country. *See* 8 U.S.C. § 1229a(c)(6)(A). They did not file a petition for review of the BIA's underlying order dismissing the appeal of the removal order, and thus we have no authority to entertain their arguments pertaining to the underlying order of dismissal. *See Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 437, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011); *Kane v. Holder,* 581 F.3d 231, 238 n. 14 (5th Cir.2009).

A denial of a motion to reconsider is assessed under a "highly deferential abuse of discretion standard." *Zhao v. Gonzales,* 404 F.3d 295, 303 (5th Cir.2005). Petitioners' brief fails to address the question whether the BIA abused its discretion by denying their motion to reconsider. Consequently, petitioners have arguably abandoned their only claim. *See Yohey v. Collins,* 985 F.2d 222, 224–25 (5th Cir.1993). Moreover, to such extent as the brief may be liberally construed to argue that the denial of the reconsideration motion must be reversed under the highly deferential abuse of discretion standard of *Zhao,* 404

F.3d 295, the argument fails. Males who have been recruited by, but refused to join, the Mara 18 gang do not have "particular [social] group status." *Orellana–Monson v. Holder,* 685 F.3d 511, 521 (5th Cir.2012).

**PETITION DENIED.**

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.